IN THE UNITED STATES DISTTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. BISHOP, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 15-1826 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, INTERNAL REVENUE SERVICE, MAUREEN A. JUDGE, and DELORIS MONT, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                       July 10, 2015

The *pro se* plaintiff, Robert J. Bishop, filed a complaint on April 6, 2015, against the defendants, the United States, the Internal Revenue Service (the "IRS"), Maureen A. Judge, and Deloris Mont. *See* Compl., Doc. No. 1. In the complaint, the plaintiff alleges that the court has federal-question jurisdiction over the instant dispute as his claims purportedly arise under the Constitution, various federal statutes, various federal regulations, and various Supreme Court decisions. *See* Compl. at Basis for Jurisdiction. The following allegations (taken as true) comprise the factual content of the complaint.

On April 11, 2011, an agent, Cindy Wiser, of the plaintiff's employer gave him a copy of a notice of levy without any other information. *See* Compl. at Statement of Claim. The agent told the plaintiff that the IRS instructed her to disregard anything that the plaintiff said. *See id.* Drawing reasonable inferences from the complaint, it appears that the plaintiff had previously provided either the agent or the IRS, or possibly both, with legal authority to contest the levy. *See id.* Within seven days thereafter, the plaintiff submitted a Form 12153 to the IRS requesting a so-called extended hearing. *See id.* While waiting five months for a decision on his request, he

suffered financial hardship and lost his job.  *See id.*  He finally received a letter from Deloris Mont, an IRS employee, on September 20, 2011, in which the agency denied his request for an extended hearing because he had not timely requested it.  *See id.*

The plaintiff further alleges that Maureen A. Judge, another employee of the IRS, changed "existing w-4 to single: 00 dependents, thus falsifying the [d]ocument."  *Id.*  In seeming protest of this alleged transgression, the plaintiff filed a "IRC 7433" complaint on August 7, 2012, with the Central Area Director/Advisory Group Manager.  *See id.*  He received no response.  *See id.*  While these disputes were ongoing, the plaintiff sought help from various politicians.  *See id.*  Unfortunately, these efforts did not bear any fruit.  *See id.*

Eventually, the plaintiff received a Form 9450 requesting all personal information and account numbers.  *See id.*  He also received a CP504 notice dated December 22, 2014, that threatened to seize his property.  *See id.*

In terms of relief, the plaintiff seeks a jury trial, "'Discovery and Declaratory Judgment' of the evidence at the trial," one million dollars in damages, and an order that removes a ten-year lien on his home.  *See* Compl. at Relief.  The balance of the complaint contains legal citations and legal conclusions.  *See id.*

The United States filed a motion to dismiss on June 16, 2015, based on lack of subject-matter jurisdiction.  *See* United States' Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Mot. to Dismiss"), Doc. No. 4.  The organization of the motion tracks the type of relief sought in the complaint.  Beginning with any damages claims, the United States contends that the court must dismiss any such claims on timeliness grounds or, in the alternative, for failure to exhaust administrative remedies.  *See id.* at 2-5.  As to any claims for declaratory or injunctive relief, the United States maintains that these claims are respectively barred by the Declaratory Judgment

Act (the "DJA"), 28 U.S.C. §§ 2201-2202, and the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a). *See id.* at 5-6. The plaintiff failed to file a response in opposition to the motion and likewise failed to appear for oral argument and an initial pretrial conference (which were scheduled for the same date).

Despite some noted reservation with respect to the jurisdictional nature of the government's arguments, the court treats the instant attacks on the complaint as facial attacks because they challenge the jurisdictional significance of the facts as they appear in the complaint. *See Slinger v. New Jersey*, 366 F. App'x 357, 359 (3d Cir. 2010) (noting that a "facial attack on subject matter jurisdiction contests the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true" (internal quotation marks and citation omitted)). Under this lens, the jurisdictional significance of the facts is best viewed in relation to each form of relief that the facts claim to support.

Turning first to any damages claims, the complaint can be construed as advancing a claim for damages under 26 U.S.C. § 7433 based on violations of provisions of the Internal Revenue Code committed by the two previously-named IRS employees. For the reasons that follow, the court agrees with the government that any damages claims must be dismissed for lack of subject-matter jurisdiction.

Regarding the timeliness argument, section 7433 contains a two-year statute of limitations. *See* 26 U.S.C. § 7433(d)(3) (stating that, "[n]otwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues"). An implementing regulation further provides that the right of action "accrues when

the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2).

Here, the plaintiff knew of the levy by at least April 11, 2011. He also knew of the IRS's denial of the so-called extended hearing by September 20, 2011. Lastly, and in apparent response to Ms. Judge's actions, he filed a "IRC 7433" complaint on August 7, 2012. Given this timeline, coupled with some after-the-fact efforts to seek assistance in contesting these actions, it is quite difficult to conceive of any argument pressing the idea that the plaintiff had a claim that accrued after August 7, 2012. Therefore, and because the instant action was brought on April 6, 2015, it appears to be time-barred.

As a final component of the timeliness argument, there seems to be some uncertainty as to whether this issue is best viewed as a jurisdictional bar or as an affirmative defense. *See Keohane v. United States*, 669 F.3d 325, 330 (D.C. Cir. 2012) (discussing this uncertainty). Until that issue is conclusively resolved by the Supreme Court or the Third Circuit, the court will adopt the jurisdictional version of the argument and dismiss any section 7433 damages claims for want of subject-matter jurisdiction. It bears mentioning that nothing in this case turns on the labeling.

In the alternative, the United States has also requested that the court dismiss any section 7433 claims for failure to exhaust administrative remedies. Given the above ruling, the court need not pass upon this issue. Should the plaintiff file an amended complaint that bases any claims on the filing of the August 7, 2012 "IRC 7433" complaint, however, he may want to attach a copy of that letter to any amended complaint so that the court can determine whether it complied with the relevant exhaustion requirements.

With respect to any claims for injunctive relief, the complaint can be alternatively construed as advancing something like a quiet title action pursuant to 28 U.S.C. § 2410 because the plaintiff seeks to challenge the validity of a federal tax lien.  To the extent that this is correct, the Tax Anti-Injunction Act likely bars any claims for injunctive relief.  That Act provides that, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  Although this Act does not apply when a taxpayer seeks to "remove a lien without questioning the entitlement of the government to collect the taxes in some other way," it appears that the plaintiff may be seeking relief to collaterally attack the underlying collection of income taxes.  *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993) (citations omitted).  The Act bars that type of challenge, unless the *Williams Packing* exception applies.  *See Zarra v. United States*, 254 F. App'x 931, 933 (3d Cir. 2007); *see also Morris v. United States*, 540 F. App'x 477, 482 (6th Cir. 2013) (stating that, "[t]he cases . . . appear to be unanimous in holding that a suit seeking the removal of a tax lien is barred by the Tax Anti–Injunction Act" (citations omitted)).  Because this exception does not apply in this case, the court dismisses any claims for injunctive relief for lack of subject-matter jurisdiction (again noting that the jurisdictional nature of this argument is currently in dispute).  Should the plaintiff choose to file an amended complaint, he may only seek injunctive relief to the extent that he is not mounting a *de facto* challenge to his tax liability.

Finally, and as to any claims for declaratory relief, the court equally lacks jurisdiction to consider these claims because the "prohibition on entering declaratory judgments regarding federal taxes is at least as broad as the prohibition of the Anti–Injunction Act." *Bufkin v. United States*, 522 F. App'x 530, 533 (11th Cir. 2013) (internal quotation marks and citation omitted).

Accordingly, and for the reasons stated above, the court grants the motion to dismiss and dismisses the complaint for lack of subject-matter jurisdiction. Given both the plaintiff's *pro se* status and the lack of clarity surrounding whether he seeks to contest his tax liability or merely the procedures employed to enforce that liability, the court grants him leave to file an amended complaint to the extent that he can do so in compliance with the principles contained in this memorandum opinion. This will likely be a difficult task, but the court is compelled to allow him to rethink the basis of his suit now that he has the benefit of the foregoing discussion of the governing law.

An appropriate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.